**Cynthia J. WEEKS, Plaintiff,**

v.

**Peter WIMPLE, Defendant.**

**Civ. A. No. 86–1615.**

United States District Court, District of Columbia.

Feb. 10, 1987.

Donald Wheeler Jonz, Washington, D.C., for Cynthia J. Weeks, plaintiff.

John D. Holler, Mt. Rainier, Md., for Peter Wimple, defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

The court has before it defendant's motion to dismiss. At the January 15, 1987 status call the court informed the parties that this motion was properly a motion for summary judgment and would be treated as such by the court. We required defendant to file a statement of material facts not in dispute and granted plaintiff leave to file responsive pleadings out of time. Because we agree with defendant that plaintiff's civil claims are barred by the 1982 Compulsory/No-Fault Motor Vehicle Insurance Act, summary judgment for defendant is granted.

### Background

Plaintiff, Cynthia Weeks, was struck by a car driven by defendant, Peter Wimple, on July 27, 1985 as she was crossing 16th Street, N.W., at Columbia Road. She alleges that defendant was negligent. Defendant has alleged that plaintiff was contributorily negligent. Plaintiff's medical expenses to date have been $1,021.95, and she claims lost wages of $460.80. Plaintiff is not making any claim of permanent injury. The defendant, at the time of the accident, maintained the personal injury protection coverage for his car required by D.C. Code § 35–2103(a). Plaintiff did not, at the time of the accident, own a motor vehicle.

### Discussion

Defendant argues that the 1982 Compulsory/No-Fault Motor Vehicle Insurance Act statutorily bars plaintiff's civil claims. The first question is whether this act applies at all to an incident involving a motor vehicle and a pedestrian, rather than two

motor vehicles.[1] The purpose of the 1982 Act was, *inter alia*, "to provide adequate protection for victims who are injured in the District...." D.C.Code § 35–2101(b). A "victim" is "an individual who sustains injury as the result of an accident." D.C. Code § 35–2101(34). An accident is "an untoward and unforeseen occurrence arising out of the maintenance or use of ... a motor vehicle." D.C.Code § 35–2102(1). Nothing in these definitions indicates any intent by the D.C. Council to exclude incidents between a pedestrian and a motor vehicle from the scope of the 1982 Act. Reading these three sections together, the purpose of the 1982 Act was, in fact, to provide adequate protection to all victims of accidents involving motor vehicles, whether or not the victim was himself driving a motor vehicle at the time.

Because the 1982 Act governs this case, plaintiff is barred from bringing a civil action based on liability if personal injury protection (PIP) benefits are payable. The Act provides six specific exceptions to this bar. Defendant argues, and plaintiff does not controvert, that none of the six exceptions applies to this case. Plaintiff has not claimed medical expenses greater than the $100,000 available in PIP benefits, plaintiff claims no permanent scarring or disfigurement or medically demonstrable impairment for 180 continuous days, and plaintiff claims medical expenses below the $5,000 threshhold necessary to sue for noneconomic losses. Thus, if plaintiff is a person to whom PIP benefits are payable, suit is barred under D.C.Code § 35–2105(a) and the PIP benefits are plaintiff's exclusive remedy.

Plaintiff argues that she is not a person to whom PIP benefits are payable because D.C.Code § 35–2106(d) requires that the victim be a beneficiary of a PIP policy before benefits are payable.[2] Such a PIP

---

1. The 1982 Compulsory/No-Fault Motor Vehicle Insurance Act has, since the accident in question, been amended. Neither party asserts that the amendments should govern this case. We agree that the terms of the 1982 Act, not of the subsequent amendments, control this case.

2. D.C.Code § 35–2106(d) reads:

Except as otherwise provided in subsection (e) [declaring certain persons ineligible for PIP benefits] personal injury protection benefits are payable by the applicable insurer or the assigned claims plan for any victim if the accident involved occurs in the district or in any state if the victim was, at the time of the accident, a beneficiary under a personal inju-

policy would ordinarily be carried by a person who was a driver of a motor vehicle registered in the District, as part of the mandatory insurance package. D.C.Code § 35–2103(a). While this construction creates the loophole plaintiff seeks for pedestrians, it runs counter to the expressed purpose of the act to provide protection for all victims who are injured in the District. Such a construction also makes nonsensical the language of § 35–2107(a)(5) which provides, "The insurer liable to pay [personal injury protection] benefits is: ... The insurer providing required insurance with respect to any motor vehicle involved in the accident, if the victim is not an insured under any policy." If plaintiff's construction of § 35–2106(d) were correct, there would never be occasion to pay PIP benefits to a person not already a beneficiary of a PIP policy.

A better reading of § 35–2106(d) makes PIP benefits payable by the applicable insurer to a victim (1) if the accident occurred in the District, or (2) if the accident occurred in any state at a time when the victim (a) was a beneficiary under a personal injury protection policy, or (b) was an occupant of a car owned or registered by a beneficiary of a PIP policy. Under this construction of § 35–2106(d), plaintiff Weeks is a person to whom PIP benefits are payable because she was injured in an accident occurring in the District. Thus, under § 35–2105(a), she is barred from bringing a civil action based on liability. Under § 35–2107(a), the insurer responsible for paying PIP benefits to plaintiff is defendant Wimple's personal injury protection carrier.

### Conclusion

Because the D.C. Council, in enacting the 1982 Compulsory/No-Fault Motor Vehicle Insurance Act, barred persons in plaintiff's situation from bringing tort actions based on liability, plaintiff has failed to state a cause of action. Accordingly, it is by the court this 10th day of February, 1987.

ry protection policy or the occupant of a motor vehicle owned or registered by a person

ORDERED that defendant's motion for summary judgment, styled as a motion to dismiss, is granted.